UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-211-H

MARIA BENITEZ and LUCRETIA HOCKER,
On behalf of themselves and all others
similarly situated                                                    PLAINTIFFS

V.

HUMANA INC., MICHAEL B. McCALLISTER,
JAMES H. BLOEM and JOHN DOES 1-20                        DEFENDANTS

***

CIVIL ACTION NO. 3:08CV-236-H

MICHAEL J. ROSE, on behalf of all others
similarly situated                                                    PLAINTIFF

V.

HUMANA INC., MICHAEL B. McCALLISTER,
JAMES H. BLOEM, DAVID A. JONES, JR.,
FRANK A. D'AMELIO, W. ROY DUNBAR,
KURT J. HILZINGER, WILLIAM J. McDONALD,
JAMES J. O'BRIEN, W. ANN REYNOLDS and
JOHN DOES 1-10 (BEING CURRENT AND
FORMER MEMBERS OF THE ADMINISTRATIVE
COMMITTEE OF HUMANA INC. RETIREMENT
AND SAVINGS PLAN)                                               DEFENDANTS

***

CIVIL ACTION NO. 3:08CV-304-H

CONNIE RIGGS                                                         PLAINTIFF

V.

HUMANA, INC., MICHAEL B. McCALLISTER,
and JAMES H. BLOEM                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The above-captioned actions (collectively, the "ERISA Actions"), allege breaches of fiduciary duties by Humana Inc. ("Humana") and various related fiduciaries in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") involving the Humana Retirement and Savings Plan and the Humana Puerto Rico 1165(e) Retirement Plan (collectively, the "Plan"), established as a benefit for Humana's employees.  For the purpose of discussing all pending issues, the Court convened a telephonic conference on September 2, 2008.  The following participate: for Plaintiff-Benitez, Mr. Thomas J. McKenna and Mr. J. Guthrie True; on behalf of Plaintiff-Rose, Mr. Robert Harwood, Ms. Jennifer Hirsh, and Ms. Tanya Korkov; on behalf of Plaintiff-Riggs, Mr. Matthew B. Borden, Mr. Ronald Kravitz, and Mr. David M. Cook, appeared in person.   On behalf of Defendants, Mr. Gary S. Tell, Ms. Elysia M. Soloman, and Mr. J. Bruce Miller, appeared in person.

The parties have asked that these cases be consolidated and that Lead Counsel be appointed.  The Court has reviewed the filings and has discussed these issues with counsel. Indeed, these actions do involve common questions of law and fact and appointment of Interim Lead Counsel and Liaison Counsel is appropriate and consistent with the recommendations of Fed R. Civ. P. 23(g) and 42(a), as well as the Manual for Complex Litigation (4th ed. 2004).

Both sets of counsel vying for lead counsel designation are well qualified.  The Court can make few meaningful distinctions as to ability and experience.  Consequently, the Court's choice depends upon the number of representatives selected.  Thomas J. McKenna of the firm of Gainey & McKenna in New York City, filed the first class action lawsuit involving the general

subject matter.  He is well qualified and has performed substantial investigation on these matters.

Other counsel have qualifications of relatively equal merit.  The Court will make the

appointment based upon his qualifications and the seniority of his action.

Defendants have also moved and suggested that these three cases should be transferred to

Judge Joseph McKinley for consolidation with several other cases pending before him.  Several

of those actions are senior to those pending here.  However, those cases each assert federal

securities law claims on behalf of shareholders of Humana.  Even though the time frames and

some of the evidence relevant to the two sets of cases are similar, other aspects of the cases seem

quite different.  The class of plaintiffs are different and the legal causes of action are different.

Even though the course of each case is likely to be different, counsel can quite easily coordinate

some of the discovery that is similar.  Thus, the Court is not persuaded that transfer within the

district is appropriate at this time.

NOW, THEREFORE, the Court orders as follows:

1.      The motion to transfer these cases to the Owensboro Division of this Court is

DENIED.

2.      The above-referenced cases are consolidated in the senior action and the lead case

will be Civil Action 3:08CV-211-H.  The Court will now administratively **dismiss** the junior

action, and all pleadings and discovery will now be considered as part of the lead case.  They

shall be referred to be the title of the lead case.

3**.**      The civil actions 3:08CV-236 and 304-H are administratively **DISMISSED.**  All

pleadings, memoranda and discovery filed in the dismissed case shall be incorporated by

reference now as part of the lead case 3:08CV-211-H, and the dismissed case file shall be made a

3

part of the lead case file.

4.     The following persons shall be Plaintiffs in Civil Action No. 3:08CV-211-H: **Maria Benitez and Lucretia Hocker; and Michael J. Rose (in docket text: member plaintiff from -3:08CV-236-H); and Connie Riggs ( in docket text: member plaintiff from - 3:08CV-304-H)**.  Defendants in this case are **Humana, Inc. ( in docket text: from member defendant-3:07CV-211, 236, 304-H); Michael B. McCallister ( in docket text: from member defendant-3:07CV-211, 236, 304-H); James H. Bloem ( in docket text: from member defendant-3:07CV-211, 236, 304-H); David A. Jones, Jr. ( in docket text: from member defendant-3:08CV-236-H; Frank A. D'Amelio ( in docket text: from member defendant- 3:08CV-236); W. Roy Dunbar ( in docket text: from member defendant- 3:08CV-236-H); Kurt J. Hilzinger (in docket text: from member defendant- 3:08CV-236-H); William J. McDonald (in docket text: from member defendant-3:08CV-236-H); James J. O'Brian (in docket text: from member defendant-3:08CV-236-H); Ann Reynolds (in docket text: from member defendant-3:08CV-236-H); John Does (in docket text: from member defendant 3:08CV-211, 236 and 304-H).**

5.     This order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this order serves an application for relief from this order or from any of its provisions within ten (10) days after the date on which the Clerk sends a copy of this order to the counsel of that party.  The provisions of this order shall apply to such action pending the Court's ruling on the application.

4

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint.  If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

6.     The Court designates Thomas J. McKenna of the firm Gainey & McKenna to act as Interim Lead Counsel and Guthrie True of the firm Johnson, True & Guarnieri, LLP as Interim Liaison Counsel for Plaintiffs in these Actions and all subsequently filed, related actions consolidated herewith.  Those designations include the same role with respect to the putative classes pursuant to Rule 23(g).

7.     Interim Lead Counsel, shall have the authority over the following matters on behalf of all plaintiffs in the Consolidated Action:

(a)     directing, coordinating, and supervising the prosecution of plaintiffs' claims in the Consolidated Action;

(b)     appointing working committees (e.g., "Discovery Committee") of plaintiffs' counsel who will (1) assist in the conduct of the litigation, and (2) consult with the Interim Lead Counsel on all litigation matters and the performance of such work assignments as are delegated to them by Interim Lead Counsel;

(c)     retaining experts;

(d)     communicating with the Court;

(e)     communicating with defense counsel;

(f)     conducting settlement negotiations;

5

(g)     collecting and reviewing time and expense records from all plaintiffs' counsel;

(h)     maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel; and

(I)     coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and, generally, in the litigation.

Only Interim lead Counsel shall initiate or file any motion on behalf of any Plaintiff in the Consolidated Action.  Only Interim Lead Counsel may direct work to be performed by other counsel.

However, pleadings shall be served on all counsel of record.  Gainey & McKenna are authorized to accept service on behalf of all Plaintiffs in this Consolidated Action and any later actions consolidated herewith.  All Plaintiffs' counsel shall keep contemporaneous time and expense records.

8**.**     Interim Lead Counsel and counsel for Defendants shall confer regarding the timing of plaintiffs' Consolidated Complaint and defendants' response thereto, including briefing of any motion(s) by any defendant(s) directed at the Consolidated Complaint.  The parties shall submit a proposed schedule for the Court's approval.  The Consolidated Complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.  Pending filing and service of the Consolidated Complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the above-captioned actions herein or any actions subsequently consolidated with them.

9.     Interim Lead Counsel and counsel for Defendants shall further confer and propose

to the Court a mutually agreeable litigation plan and schedule, which shall include the briefing on issues related to class certification.

cc:     Counsel of Record